Lane, C. J.
The plaintiff relies mainly on the ground that the defendant can not give him a good title. Other matters are contained in the bill, but they are not very intelligibly stated, and the first is all which, the facts proved, renders necessary to be noticed here.
A purchaser from a vendor who can not make a title has his ^choice of remedies. He may sue at law, to recover dam- [144 ages for the non-performance of the contract, or he may seek, in chancery, a specific performance as near as the .vendor is capable of performing, or he may rescind, by an action at law, for the purchase money, or in a bill in equity. He can not do both; he must select one of the alternatives, either to enforce or rescind. If he chooses to rescind, he must be able to restore the vendor all he received, and place him back in-his original situation. If he rely upon a void contract, he can claim nothing of the subject passed to him under it.
In the present case, it is shown that the plaintiff has conveyed this land to Matthiot, and it is out of his power to restore the title to the defendant. He has not, then, any rights against the vendor, except to claim its performance; to do which he must first ’show he has performed, or offered to perform, himself. The case shows he has not paid the whole purchase money, and he can not de mand a d-ed until such payment is made.
But the objection of want of title is without foundation. The case has been referred to a master for examination, who finds no defect, except a deed in 1801, executed before the mayor of Georgetown, without covenants, seal of mayor, or certificate that he was the officer he claims to be.
Now it is possible that the officer, before whom the acknowledgment was made, did not possess the requisite authority. But all this happened forty years ago, and, within this time, the land has been repeatedly conveyed, and the risk of any claim from this source seems to us exceedingly improbable. But where the title can be made secure enough to satisfy the doubts of a man of ordinary prudence, the vendor may insist on a performance, and constrain the purchaser to rely on his warranty, without silencing *145 every doubt or surmise which may be propounded. While the court will give the purchaser reasonable assurance of security, it will not countenance the idle scruples of one interested in withholding the purchase money.
The plaintiff may have a title, on payment of the judgment, 145] *and the costs of this suit. As the injunction was causelessly obtained, it may be dissolved, and the judgment entered for the penalty. If he pay the amount, with the costs of this suit, the defendant may be decreed to convey in sixty days afterward.